99 F.3d 1139
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Lee NORRIS, Petitioner-Appellant,
v.
James SCHOTTEN, Warden, Respondent-Appellee.
 No. 96-3536, 96-3553.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1996.
 
 N.D.Ohio, No. 95-01545; James S. Gallas, United States Magistrate Judge.
 N.D.Ohio
 APPEAL DISMISSED.
 Before: WELLFORD, BOGGS, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Robert Lee Norris moves for the appointment of counsel and for an order precluding transfer in these appeals from orders denying miscellaneous relief (No. 96-3536) and from a judgment denying Norris's petition for a writ of habeas corpus (No. 96-3553). 28 U.S.C. § 2254.
 
 
 2
 An Ohio jury convicted Norris of kidnapping and two counts of rape. The state court judge sentenced Norris to two consecutive and one concurrent sentence of fifteen to twenty-five years of imprisonment. After exhausting his state court remedies, Norris filed the present petition and paid the five dollar habeas corpus filing fee. The parties consented to trial before a magistrate judge.
 
 
 3
 In the course of the proceedings, Norris filed motions for in forma pauperis status and for financial assistance. The magistrate judge denied both motions in marginal entries on the first page of each motion. The magistrate judge then entered judgment denying the petition.
 
 
 4
 Norris filed a document entitled "Motion for Establishment of Objection Schedule." The district court clerk's office construed this document as a notice of appeal from the orders denying miscellaneous relief (No. 96-3536). Norris subsequently filed a notice of appeal from the final judgment (No. 96-3553).
 
 
 5
 The district court clerk's office improperly construed Norris's motion for the establishment of an objection schedule as a notice of appeal. The motion does refer to preserving issues for appeal purposes, but the motion does not specify this court's name as required by Fed.R.App.P. 3(c). The motion does not indicate an intention to appeal. Faysound Ltd. v. Falcon Jet Corp., 940 F.2d 339, 342 (8th Cir.1991) (per curiam) (no piece of paper styled a "notice of appeal" was ever filed), cert. denied, 502 U.S. 1096 (1992). This analysis is supported by our court's recent dicta discussing the failure of a document to act as the functional equivalent of a notice of appeal. Brooks v. Toyotomi Co., No. 94-6093, 1996 WL 327542, * 3 (6th Cir. June 17, 1996). Therefore, this court lacks jurisdiction over No. 96-3536, and we dismiss that appeal.
 
 
 6
 Norris's motion for an order precluding a transfer does not raise an issue that is specific enough to justify granting him any relief. See Ward v. Dyke, 58 F.3d 217, 274-75 (6th Cir.) (retaliation issue), cert. denied, 116 S.Ct. 524 (1995); Arizona v. California, 292 U.S. 341, 347-48 (1934) (preserving evidence issue). Therefore, the motion is denied.
 
 
 7
 Upon an examination of the merits of this appeal, we conclude that No. 96-3553 raises substantial constitutional issues and that appointing counsel to represent Norris would assist the court in making its decision in the case. Therefore, we appoint counsel to represent Norris, and we grant a certificate of appealability under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214, § 102(c)(1) (1996). We specify that the following issues are appealable:
 
 
 8
 1) whether, even with the consent of the parties, a magistrate judge has the authority under 28 U.S.C. § 636 and Article III of the Constitution to render a final judgment in a habeas corpus case;
 
 
 9
 2) whether the trial court denied the petitioner his right to confront witnesses; and
 
 
 10
 3) whether the prosecutor committed a Brady violation concerning the blood-testing evidence.
 
 
 11
 Regarding the first issue, counsel's attention is referred to Orsini v. Wallace, 913 F.2d 474, 476 (8th Cir.1990), cert. denied, 498 U.S. 1128 (1991).
 
 
 12
 The clerk's office is directed to establish a briefing schedule.